## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

PEGASUS INTERNATIONAL INC.                *CIVIL NO. 6:11-1402

VERSUS                                                      *JUDGE DOHERTY

RON CHAMPAGNE, ET AL.                       *MAGISTRATE JUDGE HILL

### REPORT  AND RECOMMENDATION

Pending before the Court is the Motion to Stay and Compel Arbitration [rec. doc. 58] filed by defendants Shaun Derise ("Derise"), Jake Huval ("Huval") and Russell Knott ("Knott").  Plaintiff, Pegasus International, Inc. ("Pegasus") has filed Opposition [rec. doc. 74]. The Motion has been referred to the undersigned for report and recommendation. [rec. doc. 61].  Oral argument on the Motion was held and the Motion was taken under advisement. [rec. doc. 32].

For the reasons set forth in the Report and Recommendation on the Motion to Dismiss or alternative Motion to Stay and Compel Arbitration previously filed by Ron Champagne, Mike Domingue, Andre Vizina, Brandon Vizina and R. Carson Vizina (collectively "the original defendants") [rec. doc. 67] and for the following additional reasons, it is recommended that the Motion to Stay and Compel Arbitration [rec. doc. 58]  be **GRANTED.**

### STATEMENT OF CLAIM

Like the original defendants, Derise, Huval and Knott are former employees of Pegasus, a company that provides engineering, project management and construction management services to oil and gas companies with offshore operations.  Each left their employment with

Pegasus and thereafter began working for Pegasus' competitor, Kellogg Brown & Root Services, Inc. ("KBR").  As was the case with the original defendants, Pegasus alleges that in connection with their employment with Pegasus, each defendant was provided by Pegasus, with confidential business and proprietary information of Pegasus, and that each are now using this information during their current employment with KBR to Pegasus' detriment. Pegasus further alleges that the defendants secretly met on Pegasus' premises to plan and implement their alleged unlawful activities. These activities are alleged to constitute unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce, and are further alleged to be violative of the defendants' fiduciary duties of loyalty and faithfulness.

Pegasus filed the instant lawsuit on July 28, 2011.  In its Complaint, First and Second Amended Complaints, Pegasus sets forth the following claims: (1) breach of contract against Huval; (2) misappropriation of confidential information and trade secrets against each defendant in violation of the Louisiana Trade Secrets Act; (3) unfair trade practices against each defendant in violation of the Louisiana Unfair Trade Practices Act; (4) conversion against each defendant; (5) breach of fiduciary duty against each defendant; and (6) individual and conspiracy claims against each defendant in violation of the Federal Shared Wire and Electronic Communications and Transactional Records Access Act and the Computer Fraud and Abuse Act.

As was the case with the original defendants, the record reveals that prior to beginning employment with Pegasus, each defendant received an Offer of Employment letter containing

2

Pegasus' terms and conditions of the proposed employment.  The Offer of Employment letter of Derise and Knott, like those of the original defendants, include that, as a term and condition of employment, they each "successfully complete" Pegasus's "Arbitration Agreement (attached herewith) . . . ."[1]   Knott's signed offer letter is contained in the record [rec. doc. 58-4, pgs. 3-5]; Derise states by affidavit his belief that he signed his offer letter and returned the signed copy to Pegasus when he accepted Pegasus's offer of employment. [rec. doc. 58-3, pg. 1,  ¶ 4; pgs. 4-6].  The offer letter of Huval appears to be incomplete, consisting of one as opposed to three pages. [rec. doc. 58-2, pg. 4].  While this page makes no mention of Pegasus's Arbitration Agreement, given that each of the other defendants received a three page letter containing substantially, if not identical, terms and conditions of employment, as well as a signature block, the Court concludes that the missing pages of Huval's signed Offer of Employment  letter likewise contained the term and condition that Huval execute Pegasus's Arbitration Agreement.[2]

        The record contains no signed Arbitration Agreements for Derise, Huval or Knott.  Derise retained personal copies of both his Offer of Employment letter and Arbitration

---

[1]Knott's Offer of Employment letter contains the following term and condition of employment:
You must successfully complete Pegasus's required application for employment,
Arbitration Agreement (attached herewith), Proprietary Information and Invention
Agreement (attached herewith). . . .
[rec. doc. 58-4, pg. 5,  ¶ 11].
Derise's Offer of Employment letter contains the following term and condition of employment:
You must successfully complete Pegasus's Arbitration Agreement (attached herewith). . . .
[rec. doc. 58-3, pg. 6,  ¶ 11]

[2]*See* rec. docs. 7-3, pg. 5,  ¶ 11; 7-4, pg. 5,  ¶ 11; 7-6, pg. 4,  ¶ 11; 7-7, pg. 4,  ¶ 11.

Agreement. By affidavit, Derise states that he believes that he signed the Arbitration

Agreement and returned a signed copy of the Agreement to Pegasus. [rec. doc. 58-3, pg. 1, ¶ 4].

Knott states by affidavit that he believes he signed an Arbitration Agreement, containing

language the same as that signed by co-defendant Ron Champagne, when he became employed

by Pegasus in 2007. [rec. doc. 58-4, pg. 1, ¶ 4; *see also* rec. doc. 7-3, pg. 2]. Champagne's

Arbitration Agreement provides in pertinent part as follows:

> 1. Any claim, dispute or controversy arising out of or relating to the employment
> relationship, or the validity or breach thereof, including but not limited to any
> claim of termination, discrimination, harassment, civil rights violation, personal
> injury or illness claims, working conditions controversies, payment disputes or
> tort, shall be finally settled by resort of either Employer or Employee to
> arbitration with a single arbitrator in accordance with the Employment Dispute
> Resolution Rules of the American Arbitration Association. . . .

[rec. docs. 7-3, pg. 2]. The Arbitration Agreement submitted by Derise contains this identical

language, as do the Agreements submitted by the other original defendants. [rec. doc. 58-3, pg.

3, ¶ 1; 7-4, pg. 2, ¶ 1; 7-6, pg. 2, ¶ 1]. Each Arbitration Agreement further contains a

preamble appearing before the substantive provisions, quoted above, which states as follows:

"By signing this document I agree that all disputes which I have with my Employer must be

arbitrated." [*Id.*].

By Opposition, Pegasus repeats the arguments presented in opposition to the Motion to

Compel Arbitration filed by the original defendants. In addition, with respect to Derise,

Pegasus submits a document entitled "Employment Checklist", contained in Derise's personnel

file, indicating a hire date of November 2, 2003, which additionally indicates that Pegasus did not receive a signed copy of its Arbitration Agreement from Derise. [rec. doc. 74-1].

## LAW AND ANALYSIS

While the evidence presented by the original defendants in support of arbitration was more compelling than that presented by Knott, Huval and Derise, when considering all of the evidence in the record before this Court, the law, reasoning and conclusion reached by the Court with respect to the original defendants applies equally to Knott, Huval and Derise. Because the Court adopts the law and reasoning set forth in the previously issued Report and Recommendation [rec. doc. 67], the applicable law will not be repeated herein.

In this case, there is sufficient evidence before this Court to find the existence of signed Arbitration Agreements between Pegasus and Knott, Huval and Derise, with contents identical to those in effect with respect to Champagne, Domingue and Andre Vizina, despite the fact that they have not been produced for this Court's review.

Under the particular circumstances of this case, consent to be bound by Pegasus' Arbitration Agreement can easily be implied.  The nearly identical Offer of Employment letters sent to Champagne, Domingue, Brandon Vizina, Carson Vizina, Knott and Derise clearly demonstrate that it was Pegasus' policy to require employees to sign its Arbitration Agreement upon hire.  Further, the Offer of Employment letters signed by Brandon Vizina, Carson Vizina and Knott clearly demonstrate that Pegasus required each of them to execute Pegasus' Arbitration Agreement as a condition of their proposed employment.

Moreover, by affidavit, they state their belief that Pegasus' Arbitration Agreement was included in the paperwork which they were required to sign when they began employment with Pegasus; Derise additionally has presented an unsigned copy of the Arbitration Agreement he was provided by Pegasus, along with his affidavit stating his belief that he signed the Agreement and returned the signed copy to Pegasus.

Thus, it is logical to conclude that Knott, Huval and Derise did, in fact, sign Pegasus' Arbitration Agreement because in the absence of a signed agreement, they  could not have begun their employment with Pegasus in the first instance.  Yet all three did, in fact, enter into employment with, and remain employed by, Pegasus for several years prior to their resignation.

Likewise, there is sufficient evidence in this record to support a finding that the contents of these Arbitration Agreements are identical to those in effect with respect to Champagne, Domingue and Andre Vizina.[3]  Given the above evidence, Carson Vizina's sworn statement indicating his belief that Pegasus lost documents in his personnel file, and the obvious missing

---

[3]These Arbitration Agreements provide in pertinent part as follows:
1.  Any claim, dispute or controversy arising out of or relating to the employment relationship, or the validity or breach thereof, including but not limited to any claim of termination, discrimination, harassment, civil rights violation, personal injury or illness claims, working conditions controversies, payment disputes or tort, shall be finally settled by resort of either Employer or Employee to arbitration with a single arbitrator in accordance with the Employment Dispute Resolution Rules of the American Arbitration Association. . . .

[rec. docs. 7-3, pg. 2,  ¶ 1; 7-4, pg. 2,  ¶ 1; 7-6, pg. 2,  ¶ 1].  Each Arbitration Agreement further contains a preamble appearing before the substantive provisions, including that quoted above, which states as follows: "By signing this document I agree that all disputes which I have with my Employer must be arbitrated." [*Id.*].

pages of Huval's Offer of Employment letter, all support the Court's finding that Pegasus lost the signed Arbitration Agreements of Knott, Huval and Derise.

In this case, the Court has been presented with four standard form Arbitration Agreements prepared by Pegasus containing identical substantive language mandating that "[a]ny claim, dispute or controversy arising out of or relating to the employment relationship" shall be settled by arbitration.  It is therefore logical for this Court to infer that every Arbitration Agreement prepared by Pegasus for execution by every candidate for employment with the company contained this same language.  This is particularly the case given that neither party has presented any argument or evidence suggesting that the Arbitration Agreements of Knott, Huval or Derise were not the same standard form Agreements submitted by Champagne, Domingue, Andre Vizina and Derise, or that their Agreements contained any different language.  Accordingly, for the Court to infer such an absurd result would be contrary to the record evidence and commonsense.

The Court notes that implying the existence of a valid signed arbitration agreement between Pegasus and Derise is a closer call because of the "Employment Checklist" contained in his personnel file.  However, that document memorializes documents in the possession of Pegasus on a date certain.  The document contains no updated or supplemental entries and, accordingly, does not reflect documents received by Pegasus after the date of the document's preparation.  The document is therefore entitled to less evidentiary weight.  Furthermore, Derise has stated by affidavit his belief that he signed the Arbitration Agreement and returned

7

the signed copy to Pegasus.  This belief is bolstered by the fact that Derise remained employed by Pegasus for several years, which, in the absence of a signed Arbitration Agreement, he could not have done.  Thus, the lack of a checkmark on Derise's "Employment Checklist" is not a sufficient indication of a lack of consent by the parties to be bound by Pegasus' Arbitration Agreement.

Having found that valid Arbitration Agreements exist, for those reasons set forth previously, bearing in mind the strong federal policy in favor of arbitration, this Court concludes that the dispute between Pegasus and Knott, Huval and Derise is "related to" their employment with Pegasus, and is therefore arbitrable under Pegasus' extremely broad arbitration provision.

The Court has determined that the dispute between Pegasus and Knott, Huval and Derise is properly resolved through arbitration.   However, this Court has not determined that all issues involved in this litigation are subject to arbitration.  Claims asserted by Pegasus against KBR and Rebel LeBoeuf, another former Pegasus employee, remain pending.  Accordingly, to the extent that some of Pegasus' claims may be ultimately determined to be nonarbitrable, rather than dismissal, this Court should instead stay the litigation between Pegasus and Knott, Huval and Derise pursuant to 9 U.S.C. § 3.

## CONCLUSION

Based on the foregoing, it is recommended that the defendants' Motion to Stay and Compel Arbitration [rec. doc. 58]  be **GRANTED.**

8

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

Signed October 18, 2012, at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

Copy sent:  RFD
On:  10-18-2012
By:  MBD

9